PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* BAKER.

[No. 9,831.   Filed November 5, 1919.   Rehearing denied May 25, 1920.]

MASTER AND SERVANT.—*Extra Compensation.*—*Evidence of Contract for.*—Evidence examined and *held* to show that there was no implied agreement to pay a porter for extra services as a brakeman, where he had applied for employment as porter or for such other services as might be necessary or required of him, and had done the work, including the so-called extra services for nearly eighteen months, accepting without complaint or protest the amount agreed upon under his contract of employment in half-monthly installments upon regular pay days.

From Clark Circuit Court; *James W. Fortune*, Judge.

Action by Harry W. Baker against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*M. Z. Stannard* and *Jonas G. Howard,* for appellant.
*Frank S. Roby, H. W. Phipps* and *Burdette C. Lutz,* for appellee.

BATMAN, J.—This is an action by appellee against appellant, based on a claim for additional compensation for services rendered by him as brakeman during a pe-

riod of time in which he was regularly employed by appellant at a fixed compensation as porter on appellant's passenger trains, running from Louisville, Kentucky, to Logansport, Indiana. Issues were joined, and the cause was tried before a jury. A verdict was returned in favor of appellee together with its answers to certain interrogatories submitted by the court. After motion by appellant for judgment on such answers notwithstanding the general verdict, judgment was rendered in favor of appellee.

Appellant has assigned the actions of the court in overruling its demurrer to the second paragraph of complaint, in sustaining appellee's demurrer to the fourth and fifth paragraphs of its answer, in overruling its motion for judgment on the answers to the interrogatories, and in overruling its motion for a new trial, as the errors on which it relies for a reversal of the judgment in this cause. We shall proceed at once to consider the action of the court in overruling appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict, as the conclusion we have reached in that regard renders it unnecessary to consider any of the other alleged errors assigned.

The issues and facts in this case and the questions presented thereon are very similar to those in the recent case of *Pittsburgh, etc., R. Co.* v. *Marable* (1920), 189 Ind. 278, 124 N. E. 393, 126 N. E. 849. In that case the court stated in substance that, while a person employed to perform services for a stated remuneration during a specified period may be entitled under some circumstances to recover additional compensation for extra services rendered at the request of his employer, even though the contract of employment makes no provision for such extra compensation, the right to such compensation depends on the existence of a contract to that effect, either expressed or implied; that whether

such contract existed is one of fact, which should be generally left to a jury for decision; but, in cases where only one inference can be reasonably drawn from the nature of the services and the attending circumstances, and where there is no room for reasonable minds to differ, the question should be decided by the court.

In the instant case the complaint does not allege that there was any express promise on the part of appellant to pay appellee any additional compensation for any part of the extra services alleged to have been rendered. It follows that appellee must recover, if a recovery is had, upon the theory of an implied promise to pay for the services which he claims were outside of his regular employment. The general verdict of the jury must be accepted as a finding that there was such an implied promise on the part of appellant. We must therefore consider whether the answers to the interrogatories are in irreconcilable conflict with the general verdict in that regard.

These answers show that, on February 4, 1914, appellee filed an application with appellant, in which he applied for employment as porter, or for such other service as might be necessary or required of him by appellant from time to time; that in such application appellee agreed that, if he was accepted as an employe in pursuance of said application, he would observe all of appellant's rules and regulations; that, in pursuance of said application, appellee was employed by appellant to work on its passenger trains running from Louisville, Kentucky, to Logansport, Indiana, and under such employment did work for appellant on such trains from time to time, from February 18, 1914, to August 15, 1915; that, while so working, appellee was required to keep the cars sanitary, to pick up papers and waste in the cars, to sweep the floors of the cars, to look after the closets and clean the same, to regulate the heat and

ventilation of the cars, to call stations, to assist passengers on and off the train, to help the baggage-master when necessary in loading and unloading heavy baggage, to make couplings occasionally, to assist in repairing hot boxes occasionally, and after receiving a switch key to unlock switches and set switches and to close switches in certain instances, and when not engaged in other duties to keep a lookout for trains, and after trains had stopped at stations to give signals to the engineer, indicating that the passengers had been loaded and the train was ready to start, and to do such other things as were required of him by appellant; that appellant paid appellee for said services the amount agreed upon under his contract of employment, in half-monthly installments, on its regular pay days, and that the sums so paid were on the occasion of each payment accepted without complaint or protest; that appellant believed that appellee accepted said payments so made in full settlement of all sums then due and owing him for work done by him on appellant's passenger trains; and that the work for which said payments were made was all work which appellee performed for appellant on its passenger trains from February 18, 1914, to August 15, 1915.

From a consideration of these facts we are clearly of the opinion that there was no implied agreement for the payment of additional compensation for any part of the services so rendered; and, as this action is not based on an express promise to pay for the alleged extra services, it cannot be said that there was any agreement on which the general verdict can stand. This being true, the judgment must be reversed and, while we might direct the trial court to sustain appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict, we are of the opinion that the ends of justice will be best subserved if another

trial is had. The judgment is therefore reversed with directions to the trial court to sustain appellant's motion for a new trial.