## PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* MARABLE.

[No. 11,493.   Filed June 26, 1923.   Rehearing denied November 21, 1923.   Transfer denied January 31, 1924.]

1.   APPEAL.—*Former Appeal.*—*Questions Decided.*—Where there has been a former appeal, all questions reserved for review by an appellate tribunal must be presented on the first appeal or not at all, for thereafter all questions presented by the record will be considered as finally determined, and all such questions not expressly decided will be deemed affirmed.   p. 49.

2.   TRIAL.— *General Verdict.*— *Answers to Interrogatories.*— A general verdict must prevail as against answers to interrogatories unless the answers to interrogatories are in irreconcilable conflict therewith.   p. 50.

3.   TRIAL.—*Motion for Judgment on Answers to Interrogatories.*—*Presumptions.*—On a motion for judgment on the answers to interrogatories, where there is conflict between the answers and the general verdict, every intendment and presumption is in favor of the general verdict, and if any evidence could have been admitted under the issues that would sustain an answer that would harmonize the verdict and the facts specially found, it must be presumed that such evidence was introduced.   p. 55.

4.   TRIAL.—*Motion for Judgment on Answers to Interrogatories.*—*Evidence Considered.*—In an action by a railroad train porter for extra compensation for services performed by him as a brakeman, where the jury returned a general verdict for the plaintiff and answered an interrogatory that plaintiff had informed defendant that he expected brakemen's pay for such services, in the absence of evidence of a demand for extra compensation for the services performed, the answer to the interrogatory was not in irreconcilable conflict with the general verdict, and there was no error in overruling the motion for judgment *non obstante.*   p. 55.

5.   TRIAL.—*Instructions.*—*Applicable to Evidence.*—Instructions must be applicable to the evidence, and be limited to an exposition of the legal effect upon the issues on trial of the relevant facts before the jury for determination, and a statement of law relating to irrelevant facts, without limitation, and given in such a manner as naturally to lead the jury to believe such facts are material in the consideration of their verdict, is erroneous.   p. 56.

6.   TRIAL.—*Instructions.*—*Applicable to Evidence.*—In an action by a train porter for extra compensation for services rendered as brakeman, the giving of an instruction copying sections of

the law regulating the operation of railway trains, which made it unlawful to run a passenger train without a full crew consisting of an engineer, fireman, conductor, brakeman and flagman, and made the railroad company liable in damages for any violation of the statute, without attempting to apply the statute to the case on trial, was highly prejudicial to the defendant and should not have been given.   p. 57.

7.  WORK AND LABOR.—*Pay for Services.*—No one can be held to pay for services rendered for him, or for his benefit, unless there is an express or implied promise to that effect.   p. 57.

8.  WORK AND LABOR.—*Pay for Extra Labor.*—Where the relation of master and servant exists, the performance of extra labor at the request of the employer does not justify the inference of an agreement to pay extra compensation for such services, for the reason that it is assumed that such services were requested and performed under the contract of employment, and, before the servant can recover extra pay for such services, he must prove that they were of such a character and were rendered under such circumstances as would lead to the conclusion that the servant would be reasonably justified in the belief that he would be allowed additional compensation therefor and that his employer would be reasonably expected to know that additional compensation would be expected. p. 57.

9.  WORK AND LABOR.—*Pay for Extra Services.—Instruction.*— In an action by a train porter for extra services as a brakeman while he was employed as porter, at the request of defendant, an instruction that where a servant performs extra work outside the scope of his employment, at the master's request, the servant has the right to presume that the master will pay the reasonable value thereof, even though there was no express agreement on the part of the master to pay for said services, was erroneous, as its tendency would be to mislead the jury into assuming that if the defendant requested the plaintiff to perform services ordinarily performed by a brakeman and if the plaintiff performed such services, he was entitled to recover without further proof of an implied agreement on the part of defendant to pay for such services.   p. 58.

10.  WORK AND LABOR.—*Pay for Extra Services.—Demand.— Evidence.*—In an action by a train porter for extra compensation for work done by him ordinarily performed by a brakeman, where the evidence was uncontradicted that for more than seven years, his employer paid him his stipulated wages, monthly or semi-monthly, without objection or protest that he was not receiving all the compensation to which he was entitled, and also paid him extra for all runs during each month

over and above the number required to entitle him to a full month's pay, proof that, on one occasion, he inquired of a superior if the latter did not think his employer would give him more money for his services, was insufficient to sustain an answer to an interrogatory that, before or during his employment, he informed the defendant that he expected brakemen's wages.  p. 60.

11.  WORK AND LABOR.—*Extra Services.—Presumption of Payment.*—Where a train porter had, during seven years of employment, performed services ordinarily performed by a brakeman, in addition to his duties as porter, but had accepted the monthly or semi-monthly payment of wages due him as porter, without objection or protest, and without notifying his employer that he expected pay for the extra work done by him, his conduct raised a conclusive presumption that the compensation paid to and accepted by him was in full payment of all that was due him.  p. 60.

From Clark Circuit Court; *James W. Fortune*, Judge.

Action by Nathaniel Marable against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*John Rynerson, Jonas G. Howard* and *George W. Long,* for appellant.

*H. W. Phipps* and *Frank S. Roby,* for appellee.

McMAHAN, C. J.—Complaint by appellee seeking a recovery for compensation for services claimed to have been rendered by him as brakeman during a period of time when he was regularly employed by appellant at a fixed compensation as porter on one of its passenger trains running between Louisville, Kentucky, and Logansport, Indiana.

A judgment on a former trial of this cause was reversed by the Supreme Court (*Pittsburgh, etc., R. Co. v. Marable* [1919], 189 Ind. 278, 126 N. E. 849) and a new trial resulted in a verdict and judgment for appellee for $1,000. In connection with the general verdict, the jury answered certain interrogatories.

The first error assigned by appellant on this appeal

and relied on for a reversal relates to the action of the court in overruling a demurrer to the complaint.

1. This ruling took place before the first trial and was one of the errors assigned and presented on the former appeal for a reversal. The court did not, on that appeal, expressly pass upon the sufficiency of the complaint. But it is well settled that all questions reserved for review by an appellate court must be presented on the first appeal or not at all, for thereafter all questions presented by the record will be considered as finally determined and all such questions not expressly decided will, by implication, be deemed affirmed. *Cleveland, etc., R. Co.* v. *Blind* (1917), 186 Ind. 628, 117 N. E. 641; *Ohio Valley Trust Co.* v. *Wernke* (1912), 179 Ind. 49, 99 N. E. 734.

Generally speaking the law controlling the cause now before us was settled by the Supreme Court on the former appeal when the court, in discussing the legal questions involved, said that a person employed to perform services for a stated remuneration during a specified period might, under some circumstances, be entitled to recover for extra services rendered at the request of the employer, though the contract of employment made no provision for such extra compensation; that such right depended on the existence of a contract, express or implied, to that effect; that ordinarily a request for the performance of services gives rise to an implied offer to pay what such services are reasonably worth and the rendition of such services in response to the request amounts to an acceptance of the offer, thus concluding an implied contract, but that this rule does not apply where the services are rendered by one then in the employ of the person making the request, for the reason that it is assumed that such services were requested and performed under the contract of employ-

ment; that in such cases an employe who seeks to recover from his employer compensation for extra work performed during the period covered by the special contract of employment has the burden of proving that the employer, either expressly or impliedly, promised to pay for the services requested; that it is not sufficient to establish merely that services outside of the ordinary employment were requested by the employer and performed by the employe, but that the employe must go further and prove that the services requested were of such a character and were rendered under such circumstances as to justify the inference that extra compensation was contemplated by both employer and employe.

With this general statement of the right of an employe to recover extra compensation for services performed by him during the period covered by his special contract of employment, we will proceed to a consideration of the questions presented by the second and third assignments of error, which are that the court erred in overruling appellant's motion for judgment *non obstante,* and in overruling its motion for a new trial.

As was said by the court on the former appeal, the jury by its general verdict found there was either an express agreement or an implied understanding 2. between appellant and appellee that additional compensation was to be allowed for the extra services requested and performed, and the facts thus found must stand in so far as the motion for judgment *non obstante* is concerned unless the facts found by the jury in answer to interrogatories are in irreconcilable conflict therewith.

The jury in answer to interrogatories found that appellant never agreed to pay appellee anything in excess of the amount provided in the contract. If the general verdict is to be sustained, it must be upon the

theory that there was an implied agreement or understanding between the parties to the effect that appellant was to pay, and that appellee was to receive, additional compensation for the extra services rendered.

As bearing upon this question, the jury, in answer to interrogatories, found appellee made a written application to appellant for a "situation as train porter, or such other service or employment as was necessary, or required, from time to time" by appellant or appellee's superior officers; that this application was approved by appellant; that when appellee entered into the contract of employment with appellant, he was informed that his compensation would be $54.45 for each full month's services rendered by him; that appellee began working under this contract of employment March 15, 1908, and that he continued to work under this contract until August 15, 1915; that the monthly compensation was increased March 1, 1910, to $57.70, and in November, 1910, appellee was informed that when he made the number of runs to entitle him to a full month's compensation, he would be paid at the same rate for all additional runs made by him, and if he failed to make the runs necessary to entitle him to a full month's pay, his monthly pay would be reduced accordingly. The answers also show that he received the regular compensation provided by his contract on the regular pay day of each month until the law requiring semimonthly payments went into effect, after which he received his stipulated compensation twice each month; that in the latter part of 1913 he requested the assistant trainmaster to intercede with the proper authorities and endeavor to have his wages increased, but he never at any other time made any complaint or objection about the amount paid him for the services rendered by him. In all other respects, he acquiesced in the payment so made to him, without any objection or comment.

While the jury in answer to interrogatory No. 50, found that appellee, before or during the period of his employment, informed appellant that he expected brakemen's wages for the services he rendered appellant, it is also found that, neither before nor during his period of employment, did he request appellant to pay him the difference between the amount paid him and brakemen's wages for the services rendered by him.

The facts, as specially found by the jury on the second trial, are in some respects different from the facts so found on the first trial, as appears from the opinion of the court. On the first trial, the jury found that, in connection with his duties as porter, appellee, during the period of his employment performed services usually performed by a rear brakeman; that no rear brakeman was employed on the train on which he worked during that period. On the second trial, there was no special finding that appellee did or did not perform services usually performed by a brakeman or that a brakeman was or was not employed on the train on which appellee worked. As hereinbefore stated, the jury on the last trial, in answer to interrogatory No. 50, found that at some time "before or during" the period of his employment, appellee informed appellant that he expected brakemen's wages for the services he rendered appellant. On the former trial, the jury, in answer to this same interrogatory, found there was no evidence on that subject.

We then have before us a complaint wherein it is alleged that appellee was employed by appellant as a train porter; that, as porter, he had certain duties to perform; that soon after he entered the employ of appellant, appellant ordered and directed him to perform the services of a brakeman; that he performed the services of brakeman as directed from March 15, 1908, to August 15, 1915; that the duties so performed by

him as brakeman were not those for which he was employed, and that the only compensation he received was that which under his contract of employment he was to receive for the services which he performed as porter.

The jury by the general verdict found these facts in favor of appellee. It thus appears from the allegations of the complaint and the verdict that appellee at the direction of appellant, performed extra services as brakeman during the period of his employment; that such services were not such services as he was employed to perform and that the only compensation he received was such as was due him because of his services as porter.

Since the jury, in answer to an interrogatory, found there was no express contract to pay for the extra services, the general verdict must rest upon the assumption that there was an implied agreement to that effect. The court in its opinion on the former appeal, after stating the facts specially found, and in discussing the question as to whether the facts so found were in irreconcilable conflict with the general verdict, said: "It thus appears that appellee worked for appellant as porter on one of its trains for a period of seven years, and that, in connection with his duties as porter, he performed services usually performed by a rear brakeman for practically the entire time. During the entire time he was regularly paid, monthly or semi-monthly, the stipulated compensation for his services as porter, which he accepted without protest, never making any claim or demand for additional compensation for services rendered as brakeman. The only logical or reasonable inference that can be drawn from the facts thus found is that there was no implied understanding between appellant and appellee that the latter should receive extra compensation for the services ren-

dered by him in addition to the services ordinarily rendered by a porter.   It is a well-settled rule of law that where an undisputed state of facts is such as to give rise to only a single logical inference and to exclude all reasonable inferences to the contrary, the result of such inference is one of law to be declared by the court, and not one of fact to be determined by the jury. * * * Appellee has not suggested any facts provable under the issues which, when considered in connection with the facts found by the answers to interrogatories, would justify the inference that there was a mutual understanding that appellee was to receive as additional compensation the difference between the amount paid to him as a porter and the amount paid during the same period to rear brakemen on trains where no porter was employed.   The answers to interrogatories disclose the amount of wages received by appellee during the period of his employment, and also find the amount of wages paid by appellant during the same period to rear brakemen on similar trains where no porter was employed. By its general verdict, the jury found that appellee was entitled to recover this difference, although it found by its answer to interrogatory No. 39 that there is no evidence to show that appellee at any time during his employment informed appellant that he expected brakemen's wages for the services he rendered for appellant. It thus appears that there was no evidence as to the very fact which, if proved, might have reconciled the facts disclosed by the answers to interrogatories with the general verdict."

Interrogatory No. 39 asked the jury on the former trial and to which that jury answered "No evidence," read as follows, "Did the plaintiff, at any time before or during the period from March 15, 1908, to August 15, 1915, ever inform the defendant that he expected brakemen's wages for the services that he rendered for the

defendant during said period?" On the second trial, this interrogatory was No. 50 and was answered, "Yes."

Appellee insists that with the answer of the jury to this question as given on the last trial, the general verdict can be reconciled with the facts specially found, and that such answer is sufficient to overcome what the court on the former appeal said was the only logical and reasonable inference that could be drawn from the facts found, viz.: "That there was no implied understanding between appellant and appellee that the latter should receive extra compensation for the services rendered by him in addition to the services ordinarily rendered by a porter."

3. This question being in the alternative renders the answer indefinite and uncertain as to when appellee informed appellant that he expected brakeman's wages for the services rendered by him. It is our duty, however, if any evidence could have been admitted under the issues that would sustain a finding of any fact that will harmonize the verdict and the facts specially found, to presume there was evidence to sustain the general verdict. Every intendment and presumption is in favor of the general verdict, and since the jury by its answer to the interrogatory found appellee had informed appellant that he expected additional compensation, we must presume he did so, at a time when it would have warranted the jury in finding an implied agreement on the part of appellant to pay for such extra services.

4. It was proper for appellee to have proved that in 1908 when he was first requested to perform services ordinarily performed by a brakeman, he informed appellant he would expect extra pay if he performed such services. He might also have proved that this information was repeatedly given to appellant during the time when appellee was in the

service of appellant.    If such evidence had been given, we are not prepared to say it would not have been sufficient to sustain a finding of an implied agreement on the part of appellant to pay for such extra services. We are therefore of the opinion that the answers to the interrogatories are not in irreconcilable conflict with the general verdict, and there was no error in overruling the motion for judgment *non obstante.*

The next contention is that the court erred in giving instruction No. 5 at the request of appellee.    This instruction was a copy of §§5296 and 5296p Burns 1914, Acts 1909 p. 68, which made it unlawful for any railroad company to run a passenger train over its road without a full crew consisting of an engineer, fireman, conductor, brakeman and flagman, and provided that any railroad company violating the provisions of the statute should be guilty of a misdemeanor and upon conviction should be fined not less than $100 nor more than $500 and should also be liable for any damages caused by the violation of the provisions of the statute.

It is fundamental that the instructions of the court to the jury must follow the evidence, and be limited to an exposition of the legal effect upon the issues on trial of the relevant facts before the jury for determination, and a statement of law relating to irrelevant facts, without limitation, and in such a manner as naturally to lead the jury to believe such facts effective in the consideration of their verdict, will constitute reversible error, because inclined to·mislead the jury.    *Indiana R. Co.* v. *Maurer* (1903), 160 Ind. 25, 66 N. E. 156; *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 91 N. E. 941; *Abbitt, Admx.,* v. *Lake Erie, etc., R. Co.* (1898), 150 Ind. 498, 50 N. E. 729; *Hatton* v. *Hodell Furniture Co.* (1920), 72 Ind. App. 357, 125 N. E. 797.

The court made no attempt to apply the full crew

statute to the facts in this case, but left it to the jury to make such application as it saw fit.

The jury could draw no conclusion from this instruction other than that if it found appellant had not complied with the statute, it would be justified in 6. finding that appellant had impliedly agreed to pay appellee additional compensation for extra services which he claimed he had performed. The giving of this instruction was highly prejudicial to appellant and should not have been given.

It is next insisted that the court erred in giving instruction No. 7 which reads as follows: "I instruct that where a servant performs extra duties for 7. the master, outside the scope of his employment, at the master's request and that the master accepts said services, then I instruct you that the servant has the right to presume that the master will pay the reasonable value for said services rendered, and this is true even though there was no express agreement on the part of the master to pay for said services."

It is elementary that no one can be held to pay for services or property unless there is an express or implied promise. *Helphenstine* v. *Hartig* (1892), 5 Ind. App. 172, 31 N. E. 845.

In the instant case, the alleged extra services were performed by one then in the employ of the one making the request. "In such a case," as was said 8. by the court on the former appeal of this cause, "the request of the employer does not justify the inference of an offer to pay anything in addition to the compensation provided by the contract, for the reason that it is assumed that such services were requested and performed under the contract of employment. * * * In a case of this kind it is not sufficient to establish merely that services outside of the ordinary employment were requested by the employer and per-

formed by the employe. The plaintiff must go further and prove that the services requested were of such a character and were rendered under such circumstances as would lead to the conclusion that a servant performing such services would be reasonably justified in the belief that he would be allowed additional compensation therefor, and that an employer making such request would be reasonably expected to know that additional compensation would be expected. In other words, the character of the work requested and the circumstances attending the request and performance must be shown to be of such a nature as to justify the inference that extra compensation was contemplated by both employer and the employe." This is the law of this case.

This instruction was not applicable to the facts in this case and should not have been given. Its tendency was to mislead the jury into assuming that if appellant requested appellee to perform services ordinarily performed by a brakeman and if appellee in compliance with that request performed such services, he was entitled to recover without further proof of an implied agreement on the part of appellant to pay for such services, or that the rendition of the services by appellee in response to a request of appellant was sufficient to authorize it in finding an implied agreement on the part of appellant to pay the reasonable value of such additional services.

The next contention is that the verdict is not sustained by the evidence.

Appellee began working for appellant in March, 1908, under an express contract by which he was to be paid $54.45 a month. At the end of each month until April 1, 1910, he received $54.45. From April 1, 1910, to November 23, 1910, appellant paid appellee $57.70 for each month's service rendered by appellee. From November 23, 1910, to August 15, 1915, appellant paid appellee

$57.70 for each full month's service and also paid him extra for all runs made during each month over and above the number required to entitle him to a full month's pay.

There is no conflict in the evidence as to the amount appellee was to receive under his contract of employment. There is not a scintilla of evidence that during the period of his employment he made any claim that he was entitled to any additional compensation for any services rendered by him, or that he had rendered any services other than what he was required to perform under his contract of employment. He made no objection to the amount paid him. He gave no intimation that he expected any additional compensation, notwithstanding the jury in answer to an interrogatory found otherwise. All payments made after April, 1913, were made semimonthly under a statute requiring the payment of all wages earned to a date not more than ten days prior to each payment. It thus appears that appellee worked for appellant for seven years and five months under a contract which required him to perform the duties of a train porter and such other services as might be necessary or required from time to time by appellant; that during this entire period he received the compensation provided for in his contract of employment, on regular pay days; that he never made any objection or protested that he was not receiving all the compensation to which he was entitled; he gave appellant no information that he expected or claimed that he was entitled to any additional compensation. He never mentioned the question of wages except on one occasion when, in the latter part of 1913, he asked one of appellant's assistant train dispatchers if he did not think appellant would give him more money since appellant had made a "standard" man out of him.

This inquiry cannot be contorted into a demand or

into a notice that appellee expected or claimed that he was entitled to additional compensation for any services performed by him and which were ordinarily performed by a brakeman. The evidence fails to show any agreement, express or implied, on the part of appellant to pay appellee any additional compensation, or to show that he performed any service that he might not ordinarily be expected to perform under his contract with appellant. There is no evidence to sustain the answer of the jury to interrogatory No. 50 heretofore referred to, and which furnished the only basis for reconciling the answers of the jury with the general verdict.

The acts and conduct of the parties in this case are such as to raise a conclusive presumption that the compensation paid by appellant to and accepted by appellee was accepted by appellee in full payment of all that was due him. *Grisell* v. *Noel, etc., Co.* (1894), 9 Ind. App. 251, 36 N. E. 452.

We hold that the verdict is not sustained by the evidence.

Judgment reversed, with directions to sustain appellant's motion for a new trial.

Dausman. J., concurs in result.