STARBUCK *v.* FLETCHER SAVINGS AND TRUST COMPANY ET AL.

[No. 13,943.   Filed April 3, 1930.]

*Earl B. Barnes* and *Claycombe & Stump*, for appellant.
*Pickens, Davidson, Gause, Gilliom & Pickens,* for appellees.

NICHOLS, J.—Action by appellant to recover on an implied contract for services rendered by appellant in the conservation, management and handling of property

held by appellee trust company, trustee, as security for a bond issue of the Haynes Automobile Company. Appellees Davis, Shade, Mehlig, Simmons and Landon were made parties defendant as constituting a bondholders' protective committee which acted with appellee trust company, trustee, in employing appellant.

It is averred in the complaint: That in April, 1906, appellant became an employee of the Haynes Automobile Company, a corporation, and that he remained continuously in such employment, occupying a position of trust and responsibility therein, which gave him an intimate knowledge of its general business and of the details connected therewith; that the said company continued the sale and manufacture of automobiles until in 1924; that on January 24, 1924, said company mortgaged, by a trust deed, to the trust company as trustee certain property described in the trust deed as security for a bond issue provided for in said trust deed of $1,750,000; that, under such trust deed, the trust company was empowered, upon certain contingencies occurring, to take possession of the property described in the trust deed, and manage, operate and dispose of the same on behalf of the holders of the bonds secured thereby; that, on September 3, 1924, a petition in bankruptcy was filed against the automobile company and that, thereupon, the trust company, acting under its said authority as trustee, entered into possession of all the property described in said trust deed; that, in accordance with the terms of such trust deed, such trustee had the power and authority to employ superintendents, managers, agents and such other employees as the conservation of the said property and the managing, operating and disposing of it might require for the benefit of the said bondholders; that, in October, 1924, appellees other than the trust company were constituted a committee and assumed to act for the bondholders to safeguard their interests

in the property covered by the trust deed; that each of them was a bondholder or assumed to act for bondholders and, with the consent of the trustee, co-operated and acted in connection with it in the management and disposition of said property until it was finally disposed of; that appellees jointly and separately employed appellant to act as their agent in safeguarding the rights and interests of the bondholders and in handling and disposing of the property covered by the trust deed; that appellant performed divers services of great value to appellees, which we do not need to set out in detail; that he continued to render such services from the —— day of September, 1924, until December 1, 1925, and that, during said period, practically all of his time was engaged in the performance thereof at the special instance and request of appellees, jointly and separately; that said work, labor and services are of the reasonable value of $6,216.65; that payment of said sum has been long and unreasonably delayed, and that appellant is entitled to interest at six per cent per annum from December 1, 1925. Appellant demands judgment for $10,000.

There were answers in denial and payment, and replies in denial to the second paragraphs of each answer. The cause was submitted to the court for trial, which resulted in a finding and judgment for appellees, that appellant take nothing, from which judgment, after appellant's motion for a new trial was overruled, this appeal. The error relied on is the court's action in overruling the motion for a new trial, which presents the alleged insufficiency of the evidence, that the decision is contrary to law, and errors in the admission and rejection of certain evidence.

It is conceded by the parties that the complaint is upon the theory of an implied contract to pay for services. It appears by the evidence that, for several years prior

to the bankruptcy proceedings, appellant had been an officer of the Haynes Automobile Company, and when, in October, 1924, a trustee in bankruptcy was appointed, and after such appointment, said trustee in bankruptcy employed appellant to work for him. It is undisputed that the services rendered by appellant, both to the trustee and the bondholders' committee, were valuable, reputable witnesses testifying that his services were worth much more than he received therefor. Soon after the appointment of the trustee, there was a controversy as to what property was covered by the trust deed, the trustee in bankruptcy claiming a large amount of property as being free from the lien thereof. In the litigation growing out of this controversy, appellant furnished a great deal of information that was important in arriving at the facts involved. This information was, with the consent of the trustee in bankruptcy, given to the attorney for the bondholders. For his services in getting this information, appellant was paid by the trustee in bankruptcy, $200 per month for four months, November and December of 1924, and January and February of 1925. Thereafter, appellees other than the trust company paid appellant $100 a month, they having purchased the service department of the factory in their efforts to save it for the bondholders. The committee continued to pay appellant $100 per month until July 1, 1925, and appellee trust company paid him $100 a month for the five months from July 1, 1925, to December 1, 1925. During the same period, the trustee in bankruptcy paid him $100 a month, making a total of $200 a month until December 1, 1925. It is during this time that appellant claims he is entitled to additional pay from appellees. He accepted this compensation without any protest or objection whatever as to the amount thereof. It appears that the bondholders' committee had paid to appellant for the last five months of his ser-

vices, ending December 1, 1925, $500, and appellant made out a statement of such payment and asked the trust company to reimburse the committee for the same without making any protest or objection to the amount that had been paid him. There is no claim by appellant that he was not fully paid for his services after December 1, 1925. He made no claim for extra compensation for his services prior to December 1, 1925, until in February, 1927. Donald Morris, trust officer for appellee trust company, testified that they had no intention of employing appellant until December, 1925, and believed when they paid him the $500 above mentioned for services prior to that date, that such amount was in full for his services to that time, and never knew that he was claiming any more until in February, 1927. During all of the time before December 1, 1925, appellant was employed by the trustee in bankruptcy, but, having devoted a part of his time to appellees, they paid him a part of the salary that the trustee in bankruptcy was to pay him. This he accepted without protest and apparently was satisfied therewith.

In *Western Oil Refining Co.* v. *Underwood* (1925), 83 Ind. App. 488, 491, 149 N. E. 85, this court, speaking by Remy, C. J., defined an implied contract as an agreement of the parties arrived at from their acts and conduct viewed in the light of surrounding circumstances, and not from their words, either spoken or written, and that, like an express contract, it grows out of the intentions of the parties to the transaction, and that there must be a meeting of the minds. Numerous authorities are cited sustaining the court's holding. There was evidence in this case from which it clearly appears that there was no meeting of the minds to sustain an implied contract. The evidence of witness Morris was to the effect, as stated above, that appellees believed that they

had fully paid appellant for his services and did not know that he was claiming additional compensation until in the year 1927. This is certainly some evidence that there was no implied agreement, and the court found that the evidence was insufficient to prove such an agreement on the part of appellees to pay appellant for what he did prior to December 1, 1925, more than they had already paid him, which he accepted without objection, until long after the same was paid to him.

In *Pittsburgh, etc., R. Co.* v. *Marable* (1923), 81 Ind. App. 46, 140 N. E. 443, this court, speaking by McMahan, C. J., held that where a train porter had, during seven years of employment, performed services ordinarily performed by a brakeman, in addition to his duties as a porter, but had accepted the monthly or semimonthly wages due him as a porter without objection or protest and without notifying his employer that he expected pay for the extra work done by him, his conduct raised a conclusive presumption that the compensation paid to and accepted by him was in full payment of all that was due him. So here, appellant accepted the compensation that appellees paid him without objection or protest and without notifying appellees that he expected more compensation, and we must hold that such conduct on the part of appellant, where, as here, appellees understood that they were paying him in full for his services, creates a conclusive presumption against appellant that he had been paid in full. The evidence fully sustains the court's finding that an implied contract was not proved.

Appellant complains that the court erred in permitting appellees to prove that Robert Tudor, trustee in bankruptcy, who was a witness for appellant, had filed a petition with the referee in bankruptcy, in which he stated that appellant was devoting all of his time, during the time in controversy, to the trustee

in bankruptcy, and that he was authorized by the court to pay him for his full time; but this witness, called by appellant, had testified that appellant spent a lot of his time for appellees and that his services were worth $7,500 to $10,000 a year. He also testified that appellant only devoted a small part of his time to the work of the witness. The evidence complained of was proper for the purpose of impeachment.

There was other evidence to the same effect which was properly admitted. There is a challenge of the court's action in admitting other evidence, but, even if it had been improperly admitted, and we do not so hold, we do not see how it could have affected the result, and we do not consider it of such importance as to invoke our consideration.

Judgment affirmed.