## TROJNAR *v.* BIHLMAN D/B/A BIHLMAN ENTERPRISES, INC.

[No. 19,667. Filed July 16, 1964.]

*George H. Dragus,* of Hammond, and *Richard M. Givan,* of Indianapolis, for appellant.

*Albert H. Gavit,* of Gary, and *A. P. Twyman,* of East Chicago, for appellee.

HUNTER, C. J.—This is an appeal from the Lake Circuit Court wherein the trial judge sustained a motion for a directed verdict filed by the defendant-appellee at the close of the plaintiff-appellant's evidence. The appellant alleged as a basis for the cause of action in the lower court that the appellee was liable to the appellant for additional compensation for overtime work in excess of forty (40) hours per week during the two and one-half (2 1/2) years that the appellant was employed by the appellee, and further alleged that the appellee was liable to the appellant for a share of the profits of appellee Bihlman Enterprises, Inc., based upon the existence of a partnership agreement between the appellant and the appellee Bihlman. The defendant-appellee in his answer alleged full payment of any debt due the appellant, and denied the existence of a partnership agreement. The appellant filed a motion for new trial after the appellee's motion for directed verdict had been sustained, and the motion for new trial was overruled. This appeal followed in due course.

In the pleadings filed in the trial court, the appellant inferentially alleged that a partnership agreement existed between the plaintiff-appellant and the defendant-appellee. The theory was raised also in the brief filed by the appellant in this court. The existence or non-existence of a partnership is controlled by the provisions of the Uniform Partnership Act, found in §§50-401 to 50-443, Burns' 1951 Replacement. Under this act, specific rules have been formulated to determine whether or not a partnership exists. In §50-407, Burns' 1951 Replacement, *supra*, the following provisions have been established:

"In determining whether a partnership exists, these rules shall apply:

(1) Except as provided by section 16 (§ 50-416) persons who are not partners as to each other are not partners as to third persons.

(2) Joint tenancy, tenancy in common, tenancy by the entireties, joint property, common **prop-erty,** or part ownership does not of itself establish a partnership, whether such co-owners do or do not share any profits made by the use of the property.

(3) The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived.

(4) The receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment:

   (a) As a debt by installments or otherwise,

   (b) As wages of an employee or rent to a landlord,

   (c) As an annuity to a widow or representative of a deceased partner,

   (d) As interest on a loan, though the amount of payment vary with the profits of the business,

   (e) As the consideration for the sale of a goodwill of a business or other property by installments or otherwise. (Acts 1949, ch. 114, § 7, p. 283.)"

To afford himself the remedy of recovery under the theory of partnership, the appellant necessarily should have proved the existence of a partnership under §50-407, Burns' 1951 Replacement, *supra,* by the evidence presented at the trial. The appellant failed, however, to bring himself within the provisions of the Uniform Partnership Act, by the testimony presented. The record does not show the existence of a written partnership agreement, nor does

it show the existence of an implied agreement, nor does it show a periodic sharing of the profits of the appellee's business, which would raise a presumption in favor of the appellant's allegation of the existence of a partnership agreement. The plaintiff-appellant having failed to prove a prima facie case of partnership, the directing of a verdict on the part of the trial court was correct with respect to the issue of partnership.

The appellant contends that the terms of his employment contract were based upon a forty-hour work week, and that any labor in excess of the forty hours constituted overtime, which required additional compensation. There is, however, no evidence of the existence of an hourly wage. The evidence further shows that the appellant worked varying numbers of hours in separate weeks while still receiving an identical salary for each week's labor. The appellant's salary was increased on two occasions during his two and one-half year term of employment, but the evidence introduced in the trial court fails to show any discussion between the appellant and appellee concerning an overtime rate and the actual number of hours of overtime labor. At no time during the term of employment did the appellant demand overtime compensation. At the termination of the employment, the appellant requested only his compensation for his final week's labor, and further that the appellee purchase a truck which the appellant had used in the business. No demand was made for compensation for alleged overtime labor during the two and one-half years that the appellant had been employed. In addition, there was no evidence of a demand for a sharing of the profits, which the appellant alleges was promised to him by the appellee at the inception of the term of employment. The appellee has cited the

body of law which this court feels is controlling in the area of compensation for overtime. The rules of law cited by the appellee have not been refuted or distinguished by the appellant. In the case of *Pittsburgh, etc., R. Co. v. Baker* (1919), 73 Ind. App. 332, 125 N. E. 233, this court held that a claim for additional compensation must be supported by an express or implied contract. In the cited case, which is similar in factual situation to the case at bar, the evidence showed that the claimant had worked extra periods for a number of years, and had received his bi-monthly pay without protest. During the claimant's term of employment, he did not protest that he was entitled to additional compensation, and the court therefore was of the opinion that the appellant's failure to protest raised a conclusive presumption that the appellant believed that the payments received were made in full settlement of his claim against the appellee. The appellant in the cited case having acquiesced to the terms of his employment, the court held that he was not entitled to additional compensation. A similar decision was rendered in the case of *Pittsburgh, etc., R. Co. v. Marable* (1923), (Transfer denied January 31, 1924), 81 Ind. App. 46, 140 N. E. 443, wherein the court found facts similar to the case at bar, and held that the appellee-employee did not have a valid claim for additional compensation.

The case of *Bradford v. Chism* (1963), 134 Ind. App. 501, 1 Ind. Dec. 21, 186 N. E. 2d 432, recently decided by this court, has dealt at great length with the rules of law concerning the directing of a verdict in a trial court. The general rule concerning the correctness of a per-emptory instruction for the defendant is that it will be upheld on appeal ". . . only if one or more of the material al-

legations of the complaint essential to recovery are not supported by evidence of probative value or by any reasonable inference that may be drawn therefrom (Cases cited)." *Bradford* v. *Chism, supra.* In the case at bar, the plaintiff-appellant alleged in the fifth amended complaint the existence of an implied contract whereby the defendant was obligated to pay the appellant overtime pay for any work in excess of forty hours per week, and further pleaded that the value of the overtime labor was $3.00 per hour. However, a review of the record of the evidence in this cause fails to show any evidence of probative value or reasonable inferences to be deduced therefrom to support the allegation of the existence of an implied contract for overtime pay and likewise the record of the evidence is devoid of any proof regarding the alleged value of the alleged overtime services. A careful search of the record of the evidence in this cause fails to reveal any evidence of probative value from which it could be directly found or from which a reasonable inference could be drawn that the appellant ever made any demand for overtime pay during his two and one-half year term of employment, and in fact the record affirmatively shows that the appellant was permitted to present all of his claims upon the termination of his employment, and the appellant, in his testimony admitted that these were fully paid. Therefore, this court is of the opinion that the factual situation in the instant case is analogous to the *Pittsburgh, etc., R. Co.* v. *Baker* case, *supra,* and the *Pittsburgh, etc., R. Co.* v. *Marable* case, *supra,* and a conclusive presumption has been raised adverse to the allegations of the appellant.

The appellant having failed to prove the necessary allegations of his complaint at the trial, it is the opin-

ion of this court that the trial court committed no reversible error in directing a verdict for the defendant.

Judgment affirmed.

Kelley, Mote and Pfaff, JJ., concur.

NOTE.—Reported in 200 N. E. 2d 227.