KELLEY *v.* SKEEN ET AL.

[No. 20,777. Filed October 14, 1968. Rehearing denied November 6, 1968. Transfer denied February 11, 1969.]

*Russell I. Richardson* and *James P. Buchanan* and *Stewart, Richardson & Buchanan,* of counsel, of Lebanon, for appellant.

*David S. Richey, Parr, Richey, Obremskey & Pedersen,* of counsel, *Marshall E. Williams* and *Dulberger, Heeter, Johnson & Salb,* of counsel, all of Lebanon, for appellees.

PRIME, J.—The appellant here, Fern Kelley, instituted an action in the Boone Superior Court against Carolyn Persinger and Larry Richard Skeen for damages for personal injuries resulting from a collision between the Persinger car and the Skeen car. The appellant, plaintiff below, was a passenger in the Persinger car at the time of the accident. She was riding with other passengers in the Persinger car as part of a car pool. She paid $3.00 per week for the transportation and was, therefore, a paying passenger and not within the purview of the Guest Statute. The car was being driven by defendant, Carolyn Persinger, and the record discloses the following facts concerning the case.

On November 20, 1964, at approximately 4 P.M., the Persinger car was proceeding south on Highway 75 which runs from Thorntown, Indiana, south to Jamestown, Indiana, and beyond. The plaintiff Kelley, defendant Persinger and three other persons were returning home from their place of employment at Thorntown. The weather was snowy and blustery and visibility was very bad. When near the intersection of Highway 75 and west 196th street the car went into a skid and slid off the highway to the left or east side of the road. The road was two lane about twenty feet in width.

The record and testimony discloses that all the passengers in the car sat in the car for some time and then decided to try to drive and push the car back onto the highway.

The plaintiff, Kelley, testified that she left the car from the right front seat where she was riding and was back of the car with her hands on the trunk getting ready to push

the car. At that moment another car approached from the south and struck the Persinger car, knocking it backward into plaintiff Kelley. She suffered injuries to her legs and one knee together with bruises and contusions for which she brought this action for damages against Carolyn Persinger and Richard Skeen, the driver of the second car.

Negligence was asserted against Persinger for driving in excess of a prudent speed under the circumstances, to-wit 35 to 40 miles per hour, and for allowing her car to *stop* and *stand* in the left or north bound lane of travel.

Negligence was imputed to Skeen for driving at a speed greater than was reasonable and prudent having regard to the prevailing weather and visibility, to-wit, 55 to 60 miles per hour, and for failing to exercise a proper look out.

The case was before a jury and at the close of appellant's evidence both appellees filed a motion for a directed verdict in their favor. The court sustained both motions and directed a verdict for both appellees.

A motion for a new trial was filed by the appellant setting out error in the sustaining of the two motions for a directed verdict and that the verdict was not sustained by sufficient evidence and that the verdict was contrary to law.

The motion for new trial was overruled. This is the error assigned.

The negligence charged against appellee Persinger was that she skidded across the center line of the highway and permitted her car to there stop and stand. To establish a prima facie case this allegation must be sustained. Since this allegation is the prime charge of negligence we deem it of sufficient importance to set out the testimony.

## TESTIMONY OF APPELLANT KELLEY

Q. And, what happened after you slid off the road?

A. Well, we sat there and talked a little while and finally decided, it wasn't snowing and blowing so bad

right then, and we decided to get out and see if we could push the car out upon the road.

Q. Do you recall how close you may have been to the pavement when you got out?

A. No.

Q. After the accident, Mrs. Kelley, do you recall where Mrs. Persinger's car was?

A. Well, it was closer to the fence than it was before it was hit.

Q. Now, directing your attention back to the scene of the accident, after the wind had blown, you had slid off the road to the east side of the road, when you came to a complete halt, Carolyn's car came to a complete halt, would you tell us, please, the location of the car in relationship with the road?

A. Well, it was at an angle but I don't know how close to the road it was.

Q. When the car came to a halt, was it in fact on the road?

A. I don't know.

Q. You don't recall it specifically being on the road, is that true?

A. That's right.

Q. You don't recall when you got out of the car with visibility sufficient to see the road, whether you observed,—you do not recall observing the Persinger car up on State Road #75, is that correct?

A. I don't recall. I don't know.

Q. OK. And do you recall the following questions being given and the answers being given by you?

"Question: When you got out of the Persinger automobile, you don't recall stepping on the road itself?

Answer: No. Question: Were you at anytime after the car stopped ever on the road? Answer: I don't know. I don't think so."

Q. Where did this car skid?

A. Well, it skidded across the road off the grass across the road there.

We believe that this testimony sustains the conclusion that there was no evidence of probative value to sustain the allegation that the car stopped and stood in the left lane of the highway.

The case of *Bradford v. Chism* (1963), 134 Ind. App. 501, 186 N. E. 2d 432 deals with the law concerning the directing of a verdict in a trial court. If one or more of the material allegations of the complaint essential to recovery are not supported by evidence of probative value or by any reasonable inference that may be drawn therefrom, a directed verdict is correct and will be upheld on appeal. *Trojnar v. Bihlman* (1964), 136 Ind. App. 263, 267, 200 N. E. 2d 227.

The alleged negligence of Persinger in allowing her vehicle to slide across the road is not sufficient to sustain a finding against her.

In our opinion there is not sufficient causal connection between this alleged act and the ultimate collision. A condition would only be furnished by which subsequent injury to appellant was made possible. This is held to not be a proximate cause. *Slinkard v. Babb, Wilson* (1954), 125 Ind. App. 76, 112 N. E. 2d 876, reh. den. 125 Ind. App. 87, 117 N. E. 2d 564.

See also *Lorraine Schroer, as Guardian of the Estate of Elvin G. Schroer, an Incompetent, v. Edward J. Funk & Sons, Inc.; John J. Zimmer, Jr., and Harry J. Hermanson* (1968), 142 Ind. App. 223, 13 Ind. Dec. 130, 233 N. E. 2d 680, a recent case in which Judge Pfaff of this court discusses the question of proximate cause.

We conclude that a directed verdict in favor of appellee Persinger was correct.

The allegations of negligence as to appellee Skeen were improper speed and failure to keep a proper lookout. Under

such charges the appellant has the burden to submit evidence to support a finding on one or both acts charged. If there is a failure of such evidence the trial court may direct a verdict. F. W. & H. Indiana Trial and Appellate Practice, § 1661, 1963 Supp.; *Darby v. Schoolcraft* (1955), 125 Ind. App. 440, 125 N. E. 2d 812; *Pennsylvania R. R. Co. v. Rizzo* (1949), 119 Ind. App. 505, 86 N. E. 2d 91; *Hummel v. N. Y. Cent. R. Co.* (1946), 117 Ind. App. 22, 66 N. E. 2d 901; *Newsom v. Pennsylvania R. Co.* (1962), 133 Ind. App. 582, 181 N. E. 2d 240.

There is no evidence in the record of actual speed nor is there any evidence that would bear on the allegation of proper lookout.

The only evidence we have is by a State Police officer on the distance traveled by the Skeen car after impact. The officer stated that he only estimated the distance. This is not sufficient to prove such a matter and is not evidence of probative value. We have no evidence of any kind touching upon the question of proper or improper lookout. The appellant urges that the jury could have found excessive speed and failure to keep a proper lookout based upon the circumstances.

This would compel the jury to rely upon inferences which were not based upon a proven fact. The testimony only shows that the road was slick, the visibility bad and that a collision occurred on Skeen's side of the road. The allegation of speed was not proved by any testimony that we can discover in the record. The officer estimated the distance traveled by Skeen after the impact. This is not sufficient and is too vague from which to draw a legitimate inference.

"Although negligence may not be inferred from the mere fact of injury itself, it may of course be inferred from the circumstances surrounding the injury. When circumstances are relied upon to raise an inference of negligence, they

must be of such significance and relation to one another that a reasonable conclusion of negligence can be founded thereon, and while reasonable inferences may be drawn from the facts and conditions shown, they cannot be drawn from facts or conditions merely imagined or assumed."

20 Am. Jur. 2d, *Evidence,* § 211, p. 263.

"It is a familiar rule that negligence will not be presumed or inferred because of an accident or an injury. Injury must be shown to have occurred by an act or omission which is alleged to have been the negligence." *Haney v. Meyer,* (1966), 139 Ind. App. 663, 8 Ind. Dec. 232, 215 N. E. 2d 886, 889 and cases cited.

There being no direct evidence on either allegation of negligence and no reasonable inferences based upon proven facts being possible, except by speculation, we hold that the trial court was correct in directing a verdict in favor of appellee Skeen.

The judgment is affirmed.

Carson, C.J., and Cooper, J., concur.

Faulconer, J., concurs in the result only.

NOTE.—Reported in 240 N. E. 2d 837.