## THE STATE *v.* MYERS.

[No. 17,743. Filed October 1, 1896.]

STATUTORY CONSTRUCTION.—*When Grammatical Construction Disregarded.*—Where the legislative sense of a statute is plain, the exact grammatical construction and propriety of language may be disregarded.

SAME.—*Intoxicating Liquors.*— *Grammatical Construction.*— The word "and" in section 10 of the Act of March 11, 1895, which section declares that its provisions shall apply to persons, places, and sales of spirituous, vinous, malt "and" other intoxicating liquors, will be construed as "or," it being necessary to so construe the word "and" to harmonize said section 10 with the other sections of the statute.

From the Vigo Circuit Court. *Reversed.*

*W. A. Ketcham*, Attorney-General, *S. M. Huston, E. F. Ritter, Duncan, Smith & Hornbrook*, and *F. E. Matson*, for State.

*Lamb & Beasley, S. R. Hamill, Allen Zollars, Stuart Bros. & Hammond, Elliott & Elliott*, and *Baker & Daniels*, for appellee.

JORDAN, J.—This prosecution is based upon sections 2 and 4 of an act of the General Assembly, approved March 11, 1895, (Acts 1895, p. 248). A state-

ment of the charges against the appellee was given in the appeal of *State* v. *Gerhardt*, 145 Ind. 439, and the principal questions herein involved were, in that case, decided adversely to the contentions of counsel for appellee. It is insisted that the information does not sufficiently charge a public offense under either of said sections, for the reason that it alleges only that the defendant "was engaged in the sale of spirituous, vinous, and malt liquors." The contention is that after the words "malt" the words "and other intoxicating liquors" should have been inserted in the information, and that this omission is fatal to the pleading. The insistence is, that as section 10, of the statute in controversy, declares that its provisions "shall apply to persons, places and sales of spirituous, vinous, malt, *and other intoxicating liquors,* whether conducted under the law of the State of Indiana licensing, regulating and restricting the sales of such liquors to be used as a beverage, or by virtue of any laws of the United States," etc.; that the legislature thereby imposed a limitation upon the operation of the law, and hence no prosecution can be maintained, under sections 2 and 4, unless it is made to appear that the accused was engaged in conducting a saloon wherein he sold not only such intoxicating liquors as spirituous, vinous and malt, but in addition to these, other intoxicating liquors. Or, in other words, if the liquor seller was engaged in selling spirituous liquors alone, to be drunk as a beverage, he could not, under the "Nicholson Law," be required to conduct the sales thereof separate from other business, or to exclude devices for amusements from his saloon, or to remove his screens during the times in which intoxicating liquors are prohibited by law.

Upon an examination of the statute as an entirety, the fallacy of appellee's proposition is apparent. It is

true, as contended, that in section 10 the clause or expression, *"and other intoxicating liquors,"* follows immediately after the word "malt," but in the preceding sections, namely, 1, 2, 3, 4, 5, 6, and 9, after the words "spirituous, vinous, malt," the clause "or other intoxicating liquors" invariably follows; "or" being used disjunctively in each particular instance. It is a well recognized canon of interpretation by which courts are guided in the consideration of statutes that where the legislative sense is plain, the exact grammatical construction and propriety of language may be disregarded. In obedience to this rule, courts have frequently interpreted "and" as meaning "or," and *vice versa.* Bishop Statutory Crimes, section 243; Am. and Eng. Ency. of Law, Vol. 1, 569; Id. Vol. 17, 218; Id. Vol. 23, 370.

Another rule controlling the interpretation of statutes is, that all the parts of the same act must be considered together, and if one part, standing by itself, is obscure, its meaning may be disclosed by another part of the same statute. The consideration of the entire act may expand or restrict the terms of some particular clause.

By a comparison of the phrase "and other intoxicating liquors," as it appears in section 10, with the other sections to which we have referred, it is clear that in order to arrive at the true legislative intent in which it was employed, it must be read "or other intoxicating liquors." That "and" was there used in a disjunctive sense, in like manner as "or" in the antecedent sections. By so holding we harmonize and render section 10 consistent with the others. A construction or interpretation which produces the greatest harmony and the least inconsistency is laid down by the authorities as one of the safe guides to be followed by courts in the consideration of statutes.

From the conclusion reached it follows that the information is not open to the objections urged by appellee.

No other objections against the information are presented, therefore its sufficiency, in other respects, is not considered.

Judgment reversed.