PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY *v.* MARABLE.

[No. 23,579.   Filed October 7, 1919.   Rehearing denied April 9, 1920. Mandate modified April 20, 1920.]

1. MASTER AND SERVANT.—*Extra Compensation.—Contract.*—One employed to perform services at a stated remuneration may be entitled to recover additional compensation for extra services rendered at the employer's request, even though the contract makes no provision therefor; but the right thereto depends upon the existence of a contract express or implied.   p. 280.

2. MASTER AND SERVANT.—*Implied Contract.—Extra Compensation.* —Though a request for the performance of services ordinarily gives rise to an implied offer to pay the reasonable value of such services, and the rendition thereof in response to the request amounts to an acceptance of the offer, this rule does not apply where the services are performed by one already in the employ of the person making the request, since in such case a presumption arises that the services are performed under the contract of employment.   p. 281.

3. MASTER AND SERVANT. — *Extra Compensation. — Proof. — Sufficiency.*—As between employer and employe it is not sufficient, in establishing an employe's claim for extra compensation, to show that services outside the ordinary employment were performed at the employer's request, but the employe must prove that the services were of such a character and were rendered under such circumstances as would lead to the conclusion that extra compensation was contemplated by both parties.   p. 281.

4. MASTER AND SERVANT.—*Extra Compensation.—Jury Question.—*

Pittsburgh, etc., R. Co. *v.* Marable—189 Ind. 278.

Whether there was an implied contract between master and servant that extra compensation was to be paid the servant for services rendered outside the ordinary employment, is ordinarily a question for the jury; but where the facts are such that reasonable minds may not differ, the question is for the court. p. 282.

5. APPEAL.—*Verdicts.*—*General and Special.*—The general verdict must stand unless the specific facts found by answers to interrogatories are in irreconcilable conflict therewith. p. 282.

6. MASTER AND SERVANT.—*Extra Compensation.*—*Implied Contract.* —*How Determined.*—In determining whether there was an implied contract between an employer and an employe that additional compensation should be paid the latter for extra services, all the facts and circumstances connected with the entire transaction, and the nature and character of the extra services, should be considered, and not merely the question whether the extra services were similar to those usually performed. p. 284.

7. MASTER AND SERVANT.—*Extra Compensation.*—*General and Special Verdicts.*—Where answers to special interrogatories showed that one employed as porter on a train performed services as rear brakeman for seven years, during which time he accepted the stipulated compensation for his services as porter without demanding additional compensation, the specific facts so found were sufficient to overcome a general verdict in the employe's favor for extra compensation, since the only reasonable inference deducible from such facts is that there was no implied contract for extra compensation, there being no showing of facts provable under the issues that, when considered with the facts disclosed by the answers, would justify an inference that extra compensation was contemplated. pp. 284, 286.

8. TRIAL.—*General and Special Verdicts.*—*Inferences.*—*Rights of Court and Jury Distinguished.*—In considering a motion for judgment on answers to interrogatories, the court, in determining what ultimate facts can be reasonably inferred, is confined to facts shown by the answers, while the jury may, in support of the general verdict, draw inferences as to such facts from all the evidence; hence, the general verdict is not overcome merely because the ultimate fact found by the jury in support thereof is contradicted by the only ultimate fact inferentially deducible from the answers, unless there were no facts provable under the issues so supplementing the facts disclosed by the answers as to permit an inference of the ultimate fact found by the jury. p. 285.

From Clark Circuit Court; *James W. Fortune,* Judge.

Action by Nathaniel Marable against the Pittsburgh, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for the plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1399 Burns 1914, Acts 1901 p. 565, §15.) *Reversed.*

*M. V. Stannard, Jonas G. Howard* and *John Rynerson,* for appellant.

*Frank S. Roby, H. W. Phipps* and *Burdette C. Lutz,* for appellee.

LAIRY, C. J.—Appellee recovered a judgment in the court below based on a claim for additional compensation for services rendered by him as rear brakeman during a period of time in which he was regularly employed by appellant at a fixed compensation as porter to one of its trains running between Louisville, Kentucky, and Logansport, Indiana.

The questions presented on appeal arise on exceptions to the rulings of the court on appellant's demurrer to the complaint, and on appellant's motion for judgment on the answers to interrogatories notwithstanding the general verdict.

Under some circumstances a person employed to perform services for a stated remuneration during a specified period may be entitled to recover additional compensation for extra services rendered at the request of his employer, even though the contract of employment makes no provision for such extra compensation. The right to such extra compensation, however, depends on the existence of a contract to that effect, either express or

implied. Ordinarily a request for the perform-
2. ance of services gives rise to an implied offer
to pay what such services are reasonably worth,
and the rendition of such services in response to the
request amounts to an acceptance of the offer, thus
concluding the implied contract; but this rule does
not apply where the services are performed by one
who. is in the employ of the person making the re-
quest.. In such a case the request of the employer
does not justify the inference of an offer to pay any-
thing in addition to the compensation provided by the
contract, for the reason that it is assumed that such
services were requested and performed under the con-
tract of employment.

The effect of this doctrine as applied to a case in
which an employe seeks to recover from his employer
compensation for extra work performed during
3. the period covered by a special contract of em-
ployment is to place on the plaintiff the bur-
den of proving that the employer either expressly or
impliedly promised to pay extra compensation for the
services requested. In a case of this kind it is not
sufficient to establish merely that services outside of
the ordinary employment were requested by the em-
ployer and performed by the employe. The plaintiff
must go further and prove that the services requested
were of such a character and were rendered under
such circumstances .as would lead to the conclusion
that a servant performing such services would be
reasonably justified in the belief that he would be
allowed additional compensation therefor, and that
an employer making such request would be reason-
ably expected to know that additional compensation

would be expected. In other words, the character of the work requested and the circumstances attending the request and performance must be shown to be of such a nature as to justify the inference that extra compensation was contemplated by both employer and the employe. *Middlebrook* v. *Slocum* (1908), 152 Mich. 286, 116 N. W. 422; *Mathison* v. *New York, etc., R. Co.* (1902), 72 App. Div. 254, 76 N. Y. Supp. 89.

The question presented is one of fact which should be generally left to a jury for decision; but in cases where only one inference can be reasonably drawn from the nature of the services and the attending circumstances, and where there is no room for reasonable minds to differ, the question should be decided by the court. *Town of Monticello* v. *Condo* (1910), 47 Ind. App. 490, 94 N. E. 893; *Illinois Cent. R. Co.* v. *Cheek* (1899), 152 Ind. 663, 53 N. E. 641.

In this case the jury, by its general verdict, found that there was either an express agreement or an implied understanding between the plaintiff and defendant that additional compensation was to be allowed for the extra services requested and performed. This fact so found by the general verdict must stand unless the facts directly found by answers to interrogatories are in irreconcilable conflict therewith.

The answers to the interrogatories directly find that appellant did not at any time agree to pay anything in excess of the amount provided in the contract. It thus appears that the general verdict cannot rest on any express agreement to pay extra compensation for the services rendered. It is

therefore apparent that, if the verdict is to be sustained under the law, it must rest on an implied agreement or understanding between the parties to the effect that the appellant was to pay, and that appellee was to receive, additional compensation for the extra services rendered.

It appears from the allegations of the complaint that the extra services as brakeman for which appellee claimed additional compensation were rendered in connection with the operation of the train on which he was employed as porter and while he was making the various trips between Louisville and Logansport during the period of his employment. Under the rule, as adopted in some of the decisions, the right of an employe to recover in cases of this kind depends entirely on the character of the service for which additional compensation is claimed, the courts holding that no recovery can be allowed where such services were essentially of the same nature as those usually performed under the contract of employment, or where such services were so intimately connected with the duties to be performed under the contract as to indicate that their performance was contemplated as an incident to service in which the employe was engaged. On the other hand, such courts hold that a recovery should be allowed where the services on which the claim is based were of a nature essentially different from the employe's duties under his contract, and were so disconnected and separate in their character as to indicate that both parties to the contract understood that extra compensation should be allowed. *Carrere* v. *Dun* (1896), 18 Misc. Rep. 18, 41 N. Y. Supp. 34; *Ross* v. *Hardin* (1879), 79 N. Y. 84.

If these cases were to be followed, and the rights of the parties were to be determined solely from a consideration of the nature and character of the services upon which the claim for extra compensation is based, the court might hesitate to say that there was no room for reasonable minds to differ on the question. But this court is of the opinion, as heretofore indicated, that all of the facts and circumstances connected with the entire transaction should be considered, together with the nature and character of the extra service, in determining whether there was an implied understanding and agreement that additional compensation should be paid.

As bearing on this question the answers of the jury to the interrogatories show that appellee was employed as train porter on March 15, 1908, under a contract for a fixed monthly compensation, and that he continued to work under such contract until August 15, 1915; that the monthly compensation was increased at different times during that period. These answers show that, in connection with his duties as porter, he performed services usually performed by a rear brakeman from March 19, 1908, to August 15, 1915, and that no rear brakeman was employed on the train on which he worked during that period. These answers further show that he received the regular compensation provided by his contract on the regular pay day of each month until the law requiring semimonthly payments went into effect; that he thereafter received his stipulated compensation twice each month, and that he never made any protest or objection to the amount

paid. It thus appears that appellee worked for appellant as porter on one of its trains for a period of seven years, and that, in connection with his duties as porter, he performed services usually performed by a rear brakeman for practically the entire time. During the entire time he was regularly paid, monthly or semimonthly, the stipulated compensation for his services as porter, which he accepted without protest, never making any claim or demand for additional compensation for services rendered as brakeman. The only logical or reasonable inference that can be drawn from the facts thus found is that there was no implied understanding between appellant and appellee that the latter should receive extra compensation for the services rendered by him in addition to the services ordinarily rendered by a porter.

It is a well-settled rule of law that, where an undisputed state of facts is such as to give rise to only a single logical inference and to exclude all reasonable inferences to the contrary, the result of such inference is one of law to be declared by the court, and not one of fact to be determined by the jury.

Although this is true, it is also true that the court, in considering the motion for judgment on the answers to interrogatories, is confined to the facts shown by such answers in deciding what ultimate fact or facts may be rightly and reasonably inferred therefrom, while the jury in determining what ultimate facts may be reasonably inferred in support of its general verdict is required to look to those facts as well as to all other facts disclosed by the evidence bearing on the subject.

It is therefore apparent that the facts from which

the jury deduces its inference are not necessarily the same as those considered by the court in passing on the interrogatories. It therefore follows that an ultimate fact inferentially deduced by the court from the facts disclosed by the answers to interrogatories is not conclusive as opposed to an ultimate fact deduced by a jury in support of a general verdict, even though the fact so deduced by the court is the only one that can be logically inferred from the facts so found. To have that effect it must further appear that no facts provable within the issues would so supplement the facts disclosed by such answers as to reasonably justify the inference of the ultimate fact on which the general verdict rests, when the facts so provable are considered in connection with the facts disclosed by the general verdict.

Appellee has not suggested any facts provable under the issues which, when considered in connection with the facts found by the answers to interrogatories, would justify the inference that there was a mutual understanding that appellee was to receive as additional compensation the difference between the amount paid him as a porter and the amount paid during the same period to rear brakemen on trains where no porter was employed. The answers to interrogatories disclose the amount of the wages received by appellee during the period of his employment, and also find the amount of wages paid by appellant during the same period to rear brakemen on similar trains where no porter was employed. By its general verdict the jury found that appellee was entitled to recover this difference, although it found by its answer to interrogatory No. 39 that there is no evidence to show that appellee at

any time during his employment informed appellant that he expected brakeman's wages for the services he rendered for appellant. It thus appears that there was no evidence as to the very fact which, if proved, might have reconciled the facts disclosed by the answers to interrogatories with the general verdict.

For the reasons stated, the court is of the opinion that the facts shown by the answers to interrogatories are in irreconcilable conflict with the general verdict.

Judgment reversed, with directions to the trial court to sustain appellant's motion for a new trial.