SCHROEDER *v.* CITY OF NEW ALBANY.

[No. 13,833. Filed February 21, 1930.]

*Claude B. McBride* and *Jonas G. Howard,* for appellant.
*Charles R. Turner* and *Stotsenburg, Weathers & Minton,* for appellee.

NICHOLS, J.—Action by appellant against appellee to recover for alleged overtime while appellant was a mem-

ber of the paid fire department of appellee city. Appellant was regularly paid the regular wages fixed by the city for the pay of its firemen, but, by this action, seeks to recover the additional amount of $3,510.

The complaint was in one paragraph, to which the court sustained a demurrer, and, appellant refusing to plead further, judgment was rendered against him. The sustaining of such demurrer is the only error presented.

The facts stated in the complaint upon which appellant bases his right to recover are as follows: Appellant was a member of the paid fire department of appellee city from February 1, 1923, until January 3, 1926; the city has a population of more than 15,000 as disclosed by the last preceding census, and has had a paid fire department for over 10 years; from January 1, 1921 to January 1, 1927, the organized fire force of said city consisted of one body or platoon, which did both day and night service; from February 1, 1923 to January 3, 1926, appellant worked continuously as a member of the regularly organized and paid fire force, and during said period he was a member of said single platoon which did both day and night service, and, in the performance of these duties, he worked 24 hours in every calendar day. During the period from February 1, 1923 to January 3, 1926, appellant performed service as a member of the regular, paid fire force both during the day and night, and thus in pursuance of the act of 1920, Acts 1920 (Spec. Sess.) p. 196, he performed two statutory days' service in each calendar day.

It is then averred that each statutory day's service was separate and distinct and that he is entitled to compensation for two statutory days' service for each calendar day in said period. During all of said period, he was paid for only one statutory day's service for each calendar day. He was paid for 1,052 statutory days, $3,510, and that amount is still due him for 1052 statutory days'

service performed at the instance of appellee. The compensation paid to each member of the fire force was $3.33⅓ per day and $3,510 is now due him.

. Appellee contends that the amended complaint is insufficient because it fails to allege that there was any appropriation made, available and in force at the time of the performance of the alleged services, and out of which it could be paid. There is merit in this contention. The court judicially knows that the city of New Albany is a city of the third class operating under the Municipal Code of 1905. *State, ex rel.,* v. *Morris, Mayor* (1927), 199 Ind. 78, 155 N. E. 198.

If there can be a recovery for the alleged services, it must be because they were performed under a valid contract, express or implied. Section 10307 Burns 1926, being §85 of such Municipal Code, provides that "no executive department, officer or employee thereof shall have power to bind such city to any contract or agreement, or in any other way, to any extent beyond the amount of money at the time already appropriated by ordinance for the purposes of such department; and all contracts and agreements, express or implied, and all obligations of any and every sort, beyond such existing appropriations are declared to be absolutely void," and appellant's complaint, in order to be sufficient, must show that there was an existing and unexpended appropriation at the time the contract, express or implied, was entered into, out of which appellant could be paid for the services contracted for. *City of Indianapolis* v. *Wann, Rec.* (1896), 144 Ind. 175, 42 N. E. 901, 31 L. R. A. 743; *Brayton* v. *City of Rushville* (1918), 68 Ind. App. 238, 120 N..E. 48; *Board, etc.,* v. *Moore* (1929), 166 N. E. (Ind. App.) 779.

The amended complaint is also insufficient because it fails to show that there was any contract between ap-

pellant and appellee city to pay appellant for alleged extra services, and no facts are alleged in the complaint from which an implied agreement would follow, if such there could be. In the absence of such averments, the presumption is either that appellant volunteered such services, or that the salary or other compensation provided for in the contract was intended to compensate him also for the extra work. *Pittsburgh, etc., R. Co.* v. *Marable* (1919), 189 Ind. 278, 126 N. E. 849; *Grisell* v. *Noel Bros., etc., Co.* (1894), 9 Ind. App. 251, 36 N. E. 452; *Davis, Director, etc.,* v. *Clapp* (1925), 83 Ind. App. 697, 149 N. E. 908; 39 C. J. 197.

These two reasons for holding that the amended complaint is insufficient are enough to show that the court did not err in sustaining appellee's demurrer thereto.

Judgment affirmed.