WILLIAMS ET AL. *v.* BENT

[No. 17,865. Filed October 5, 1949.]

*Franklin W. Plummer* and *Alfred H. Plummer*, both of Wabash, for appellants.

*Howard E. Plummer*, of Wabash, for appellee.

DRAPER, J.—The appellee is a tax consultant. For several years prior to 1937 the appellants were engaged in various business ventures, individually and in connection with others or with each other, and the appellee attended to their tax work. Those services were rendered under an express contract.

In the fall of 1937 the appellants began to operate a pool hall and gambling emporium in the city of Wabash, as partners. The appellee was verbally requested to do the tax work for said partnership. He undertook to do so and also continued to do the other tax work as before.

The business prospered and the appellee continued to do all of the tax work until December 31, 1946, when the relationship was terminated and the appellee requested payment for services rendered in connection with the partnership business. Payment was refused, and he was awarded a judgment for $885 for services rendered.

The appellants did not at any time expressly agree to pay the appellee for services rendered in connection with the partnership, but we think the evidence most favorable to the appellee is sufficient to establish the existence of an implied agreement to pay the reasonable value thereof. It seems to us that the services requested were of such a character and

were rendered under such circumstances as to justify the inference that extra compensation was contemplated by both the employer and the employee.

The appellee undertook the work at the request of one of the appellants. The evidence reveals conversations from which it was or should have been known to the appellants that the appellee expected payment therefor. Under those circumstances he was permitted to perform valuable services for about nine years.

The general rules announced in *Pittsburgh, etc., R. Co.,* v. *Marable* (1920), 189 Ind. 278, 126 N. E. 849, upon which appellants principally rely along with *Schroeder* v. *City of New Albany* (1930), 91 Ind. App. 62, 170 N. E. 83, are applicable to this case and have our complete approval, but neither of those cases require the reversal of this one. The appellee here was not, as in those cases, a full time employee. He did tax work for appellants and others. The partnership was not in existence, nor was it even contemplated, when the original contract concerning appellee's services was made. It came into existence several years later and entailed the rendition of services of a substantial and continuing nature. It could hardly be assumed that important and time consuming services rendered for a new and separate legal entity were to be performed under the original agreement. Moreover, the evidence in this case furnishes a reasonable explanation for the appellee's failure to more seasonably assert his demand.

The facts in this case are somewhat unusual and different inferences might have been drawn from the evidence in the case, but those drawn find support in the evidence, and we are not at liberty to substitute our judgment for that of the trial court.

The appellants complain of the court's refusal to admit an item of evidence of a collateral nature which was offered by them. This bit of evidence could at best have been so remotely influential in the decision of the case that the substantial rights of the parties could not have been affected by its exclusion, and the error in refusing it, if any, was not reversible. *Swallow Coach Lines, Inc., et al.* v. *Cosgrove* (1938), 214 Ind. 532, 541, 15 N. E. 2d 92; *American Employers' Ins. Co.* v. *Cornell* (1948), 225 Ind. 559, 576, 76 N. E. 2d 562.

The amount of the recovery is well within the range of the testimony regarding the value of the services rendered.

Finding no error the judgment is affirmed.

NOTE.—Reported in 87 N. E. 2d 883.